ELECTRONICALLY FILED - 2020 Mar 23 3:40 PM - HORRY - COMMON PLEAS - CASE#2020CP2602174

| STATE OF SOUTH CAROLINA | IN THE COURT OF COMMON PLEAS |
|---|---|
| COUNTY OF HORRY | FIFTEENTH JUDICIAL CIRCUIT |
| | Docket No.: 2020-CP-26-_____ |
| Lynette Gutridge, | |
|                 Plaintiff, | **SUMMONS** |
| vs. | |
| Costco Wholesale Corporation d/b/a Costco and Jason Vandal, | |
|                 Defendants. | |

TO: THE DEFENDANTS ABOVE NAMED:

YOU ARE HEREBY SUMMONED and required to answer the complaint herein, a copy of which is herewith served upon you, and to serve a copy of your answer to this complaint upon the subscriber, at the address shown below, within thirty (30) days after service hereof, exclusive of the day of such service, and if you fail to answer the complaint, judgment by default will be rendered against you for the relief demanded in the complaint.

                                              s/ P. Brooke Eaves Wright
                                              Ian D. Maguire, Esquire
                                              SC Bar No.: 66587
                                              P. Brooke Eaves, Esquire
                                              SC Bar No.: 102021
                                              **MAGUIRE LAW FIRM**
                                              1600 North Oak Street, Suite B
                                              Myrtle Beach, South Carolina 29577
                                              Telephone: (843) 361-7549
                                              Facsimile: (843) 361-7048
                                              **ATTORNEYS FOR PLAINTIFF**

Myrtle Beach, South Carolina
March 23, 2020

**EXHIBIT A**

ELECTRONICALLY FILED - 2020 Mar 23 3:40 PM - HORRY - COMMON PLEAS - CASE#2020CP2602174

| | |
|---|---|
| STATE OF SOUTH CAROLINA<br><br>COUNTY OF HORRY<br><br>Lynette Gutridge,<br>        Plaintiff,<br><br>vs.<br><br>Costco Wholesale Corporation d/b/a Costco and Jason Vandal,<br>        Defendant. | IN THE COURT OF COMMON PLEAS<br>FIFTEENTH JUDICIAL CIRCUIT<br><br>Docket No.: 2020-CP-26-_____<br><br><br>**COMPLAINT** |

Plaintiff, complaining of Defendants, would respectfully show this Court the following:

1. Plaintiff Lynette Gutridge is a citizen and resident of Horry County, South Carolina.

2. Defendant Costco Wholesale Corporation d/b/a Costco is, upon information and belief, a company organized and existing under the laws of a state other than South Carolina, conducts business in the State of South Carolina, County of Horry, through its agents, servants and/or employees, and derives substantial revenue therefrom.

3. Defendant Jason Vandal, is upon information and belief, is a citizen and resident of Horry County, South Carolina, and is the general manager of the Costco store in question, located at located at or near 1021 Oak Forest Ln in Myrtle Beach, South Carolina, in Horry County. As such, Defendant Jason Vandal owed a duty to inspect for, discover, warn against, and repair defective and/or hazardous conditions at the Costco store in question, such as the hazardous condition which is the subject of this lawsuit.

4. That the facts and circumstances which are the subject matter of this lawsuit occurred in the County of Horry, South Carolina.

5. That, upon information and belief, Defendants control, manage, maintain, assume responsibility for, and operate a business located at or near 1021 Oak Forest Ln in Myrtle Beach,

2

South Carolina.

6. That this Honorable Court has jurisdiction over the parties as Defendants have committed a tortious act in whole or in part in part in the State of South Carolina, County of Horry.

7. That this Honorable Court has jurisdiction over the subject matter to this litigation and venue is proper in this Court, as the most substantial parts of acts and omissions giving rise to the causes of action occurred in the County of Horry, South Carolina.

8. That, on or about March 30, 2018, Plaintiff was a guest/invitee on Defendant Costco Wholesale Corporation d/b/a Costco's premises located at or near 1021 Oak Forest Ln in Myrtle Beach, South Carolina.

9. That Plaintiff did not have knowledge of the flooring conditions prior to entering Defendant's premises.

10. That the aforementioned flooring had no signage or warning posted either outside or inside of the entrance to the premises to warn of the dangerous condition then and there existing.

11. That, at the same date and time, Plaintiff was walking on Defendants' premises when she stepped on a food substance on the floor which caused her to slip and fall, and thus, caused the basis for this action.

12. That the injuries sustained by Plaintiff on or about March 30, 2018, required extensive medical treatment. As a result, Plaintiff has suffered pain and a loss of enjoyment of life.

13. Defendants owed Plaintiff a duty of care to keep the premises reasonably safe, to discover and repair dangerous defects on the premises, and to disclose to Plaintiff any latent defects existing on the subject property.

14. That Defendant Costco Wholesale Corporation d/b/a Costco is vicariously liable for the actions of its agents and employees who owed a duty to inspect, search for, discover, warn

ELECTRONICALLY FILED - 2020 Mar 23 3:40 PM - HORRY - COMMON PLEAS - CASE#2020CP2602174

3

against, and repair defective conditions discovered at the subject Costco store, such as the hazardous condition which is the subject of this lawsuit.

15. At all times relevant herein, Jason Vandal was an employee and/or agent of Defendant Costco Wholesale Corporation d/b/a Costco and was acting within the course and scope of his employment.

16. At all times relevant herein, all employees of Defendant Costco Wholesale Corporation d/b/a Costco were acting within the course and scope of employment of Costco Wholesale Corporation d/b/a Costco.

17. Defendants owed Plaintiff a duty to create and maintain adequate and safe premises for use.

18. Defendants breached its duty to Plaintiff by creating, maintaining, and/or allowing a dangerous condition to exist on the premises and by failing to correct the dangerous and defective condition of the slippery flooring on their premises.

19. Defendants knew, or should have discovered and known, of the defective condition.

20. Defendants did not take any steps to correct or maintain this dangerous and defective condition, or to warn users, such as Plaintiff, of the hazard.

21. Plaintiff's injuries were caused by the defective condition on Defendants' premises.

22. Plaintiff would show that Defendants, jointly and severally, through their agents, servants and/or employees, negligently, recklessly, willfully, wantonly, and grossly negligently breached its duties to Plaintiff in the following particulars to wit:

    a. In failing to provide adequate areas for safe ingress and egress about the premises;

    b. In creating a dangerous condition on the premises;

    c. In failing to adequately secure and maintain the premises;

ELECTRONICALLY FILED - 2020 Mar 23 3:40 PM - HORRY - COMMON PLEAS - CASE#2020CP2602174

ELECTRONICALLY FILED - 2020 Mar 23 3:40 PM - HORRY - COMMON PLEAS - CASE#2020CP2602174

d. In failing to warn of or eliminate unreasonable risks within the area of invitation;

e. In failing to post effective and conspicuous warning signs or other notifications of the conditions of the premises;

f. In failing to reasonably investigate and discover risks on the premises and to take safety precautions to prevent unreasonable risk of harm to guests/invitees;

g. In failing to properly hire, properly train and supervise competent employees who were to attend to the condition of the property so as to avoid injury to guests/invitees;

h. In failing to perform routine maintenance and inspections of the premises to include the subject aisle and walking area;

i. In failing to follow or maintain adequate safety procedures; and

j. In failing to clean the floors and walking areas in a timely and adequate manner;

k. In allowing vendors to unload food carts and distribute food and/or products in walking areas;

l. In failing to adequately supervise vendors and employees to ensure that food and products were safely unloaded and distributed on Defendants' premises;

m. In failing to establish and enforce reasonable and adequate policies and procedures for vendors and employees to follow in unloading and distributing food and products;

n. In failing to properly inspect the walking areas and floors on the subject premises;

o. In failing to use due care as a reasonable and prudent manager, employee, company, and corporation should, under the circumstances then and there prevailing;

p. In spilling and/or dropping food substances and/or products on the floor and failing to promptly clean it up or warn of the hazardous condition existing; and

q. In such other particulars as the evidence at trial may show.

Any one or more of which acts of commission and/or omission were a proximate cause of the injuries suffered by Plaintiff. Said acts of commission and/or omission were in violation of the statutory laws of the State of South Carolina and a violation of duties Defendants owed, jointly and severally, to the Plaintiff.

23. That, as the direct and proximate result of the aforesaid negligent, grossly negligent, careless, reckless, willful and wanton acts and/or omissions by Defendants, through its agents, servants and/or employees, as enumerated here and above, Plaintiff:

    a. Was severely, seriously, painfully, and permanently injured;

    b. Suffered injuries about various parts of her body;

    c. Was and will be subjected to the administration of strong and potent drugs and medications;

    d. Suffered extreme and painful injuries to her person from which Plaintiff is informed and believes that she will have permanent adverse effect and disability;

    e. Suffered injuries that required medical treatment and will require medical care and treatment in the future;

    f. Has incurred and will incur in the future, substantial medical and doctor bills due to her injuries;

    g. Was and will be subjected to extreme pain, mental anguish, emotional distress, loss of enjoyment of life, suffering and discomfort over a long period of time;

    h. Has been and will be prevented from attending to her usual and ordinary activities of daily living;

    i. Has and will suffer a financial loss in the form of wages and future earning capacity; and

ELECTRONICALLY FILED - 2020 Mar 23 3:40 PM - HORRY - COMMON PLEAS - CASE#2020CP2602174

ELECTRONICALLY FILED - 2020 Mar 23 3:40 PM - HORRY - COMMON PLEAS - CASE#2020CP2602174

j. All other damages, including actual, special, consequential and punitive, in an amount to be determined by the trier of facts.

24. Accordingly, Plaintiff is informed and believes that she is entitled to actual, special, consequential and punitive damages sufficient to reflect the injuries that she sustained against Defendants, jointly and severally, for Defendants' actions and inactions in creating, maintaining or failing to correct a dangerous condition upon the premises.

**WHEREFORE**, Plaintiff prays for judgment against Defendants, jointly and severally, in an amount to be determined by the trier of fact, for actual, special, consequential and punitive damages; for the costs of this action; and for such other relief as this Honorable Court may deem just and proper.

s/ P. Brooke Eaves Wright
Ian D. Maguire, Esquire
SC Bar No.: 66587
P. Brooke Eaves, Esquire
SC Bar No.: 102021
**MAGUIRE LAW FIRM**
1600 North Oak Street, Suite B
Myrtle Beach, South Carolina 29577
Telephone: (843) 361-7549
Facsimile: (843) 361-7048
**ATTORNEYS FOR PLAINTIFF**

Myrtle Beach, South Carolina
March 23, 2020